FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

14 DEC 22 AM 11:27

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS, FLORIDA

FRANCES FELICIA FABRI,

    Plaintiff,

v.

CASE NO.:

WYNN PROPERTIES, INC.,
a Florida Profit Corporation;
JEFFREY WYNN, individually,

2:14-cv-730-FtM-38DNF

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, FRANCES FELICIA FABRI ("Plaintiff"), by and her undersigned counsel, files this Complaint against Defendant, WYNN PROPERTIES, INC., a Florida Profit Corporation and JEFFREY WYNN, individually, (collectively "Defendants") and in support thereof states as follows:

### INTRODUCTION

1. This case is about Defendants' illegal treatment of its employee.

2. Defendants own and operate a retail and office center called WYNN PROPERTIES, INC. in Bonita Springs, Florida.

3. In direct violation of federal law, Defendants permitted Plaintiff to work for them, but did not pay Plaintiff at all throughout several years of employment.

### JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331

because this action involves a federal question, 29 U.S.C. § 216(b).

6. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because Plaintiff's claims under the Florida Minimum Wage Act form a part of the same case or controversy and arise out of the common nucleus of operative facts as her FLSA claim.

7. Venue in the Middle District of Florida is proper pursuant to 28 U.S.C. § 1391 because Defendants are subject to personal jurisdiction in the Middle District of Florida.

8. Venue is also proper in the Middle District of Florida, Fort Myers Division, because a substantial part of the events at issue in this lawsuit took place in the Middle District of Florida, Fort Myers Division, and because Defendants reside in Bonita Springs, Florida, Collier County, in the Fort Myers Division.

## PARTIES

9. Plaintiff, FRANCES FELICIA FABRI, is an individual residing in Naples, Florida.

10. Plaintiff was employed as a maintenance worker at WYNN PROPERTIES, INC. from August 10, 2010 to June 25, 2014.

11. WYNN PROPERTIES, INC. is a retail and office center located at 9220 Bonita Beach Road, Bonita Springs, Florida 34135.

12. WYNN PROPERTIES, INC. is a Florida profit corporation with its headquarters located at 9220 Bonita Beach Road, Suite 200, Bonita Springs, Florida 34135.

13. At all times material hereto, JEFFREY WYNN owned and/or operated

WYNN PROPERTIES, INC.

14. At all times material hereto, JEFFREY WYNN regularly held and/or exercised the authority to hire and fire employees of WYNN PROPERTIES, INC.

15. At all times material hereto, JEFFREY WYNN regularly held and/or exercised the authority to determine the work schedules for the employees of WYNN PROPERTIES, INC.

16. At all times material hereto, JEFFREY WYNN regularly held and/or exercised the authority to control the finances and operations of WYNN PROPERTIES, INC.

17. By virtue of having held and/or exercised the authority to: (a) hire and fire employees of WYNN PROPERTIES, INC.; (b) determine the work schedules for the employees of WYNN PROPERTIES, INC.; and (c) control the finances and operations of WYNN PROPERTIES, INC., JEFFREY WYNN is an employer as defined by 29 U.S.C 201 et. seq.

18. At all times material to this action, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

19. At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

20. At all times material to this action, Defendants were Plaintiff's "employers" within the meaning of the FLSA.

21. Defendants were, and continue to be, "employers" within the meaning of the FLSA.

22. At all times material to this action, Defendants were, and continue to be,

an "enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

23. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

24. At all times material to this action, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce such as computers, telephones, and office supplies, which were used directly in furtherance of Defendants' commercial activity of a retail business.

25. Plaintiff has consented in writing to be a party to the FLSA claims in this action pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

26. At all times for three years prior to the filing of the instant complaint, Defendants employed Plaintiff to work as a maintenance worker for Defendant's retail and office center company.

27. At all times for the three years prior to the filing of the instant complaint, Defendants provided Plaintiff no wages for any work she performed for the company.

28. Plaintiff's job duties included, but were not limited to, cleaning multiple buildings located on Defendant's property, including offices, bathrooms, and common areas.

29. In one or more workweeks between August 10, 2010 and June 25, 2014, Defendants failed to pay Plaintiff at least the applicable minimum wage for all hours worked. Specifically, throughout her employment with Defendants, Plaintiff was not

paid at all.

30. On or about October 14, 2014, Plaintiff served a letter on Defendants pursuant to Fla. Stat. 448.110, demanding payment for her unpaid minimum wages. See EXHIBIT A. To date, Defendants have failed to make payment in accordance with same. Therefore, Plaintiff has satisfied all prerequisites, to the extent there are any, for bringing her claim pursuant to the Florida Constitution.

31. Defendants knew, or showed reckless disregard for the fact that they were suffering or permitting Plaintiff to perform work for Defendants without compensation.

32. Upon information and belief, the majority of Plaintiff's pay and time records are in the possession of Defendants.

33. Defendants have violated Title 29 U.S.C. §206 from at least August 10, 2010 through June 25, 2014, in that:

    a. Defendants have failed to pay Plaintiff proper minimum wage for all of her hours worked for Defendants as required by the FLSA;

    b. No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiff at the applicable minimum wage for each hour worked as provided by the FLSA; and

    c. Defendants have failed to maintain proper time records as mandated by the FLSA.

34. Defendants failed and/or refused to properly disclose or apprise Plaintiff of her rights under the FLSA.

35. Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful, as they knew or should have known

that not paying monies to Plaintiff would result in a minimum wage deficiency.

36. On November 5, 2014, the parties agreed to tolling the statute of limitations from November 5, 2014 to December 15, 2014.

37. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
### FIRST CAUSE OF ACTION – MINIMUM WAGE
### FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et. seq.*

38. Paragraphs 1-37 are incorporated by reference as if fully set forth herein.

39. This claim arises from Defendants' willful violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq., for failure to pay a minimum wage to Plaintiff to which she is entitled.

40. At all times relevant, Defendants have been, and continue to be, "employers" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 201 et. seq.

41. At all times relevant, upon information and belief, Defendants have had an annual gross volume of sales made or business done in excess of $500,000.00.

42. The minimum wage provisions of the FLSA, 29 U.S.C. § 201, et. seq., apply to Defendants and protect Plaintiff.

43. Plaintiff has consented in writing to be a part of this action, pursuant to 29 U.S.C. § 216(b).

44. Pursuant to the FLSA, 29 U.S.C. § 206, Plaintiff was entitled to be compensated at a rate not lower than the applicable minimum wage rate from August 10,

6

2010 through June 25, 2014.

45. Defendants, pursuant to their policies and practices, refused and failed to pay a minimum wage to Plaintiff.

46. By failing to compensate Plaintiff, Defendants violated, and continue to violate, Plaintiff's statutory rights under FLSA, 29 U.S.C. § 206.

47. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255.

48. Plaintiff seeks damages in the amount of her respective unpaid wages, liquidated damages as provided under the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the court deems proper.

49. Plaintiff seeks recovery of attorneys' fees and costs to be paid by Defendants as provided by the FLSA, 29 U.S.C. § 216(b).

## COUNT II
## RECOVERY OF MINIMUM WAGES (FLORIDA CONSTITUTION)

50. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-49 above as if fully set forth herein.

51. Plaintiff is entitled to be paid minimum wages for each hour worked during employment with Defendants.

52. Plaintiff was not paid the proper minimum wage, pursuant to Article X, Section 24 of the Florida Constitution.

53. Defendants willfully failed to pay Plaintiff minimum wages for her hours worked during her employment contrary to Article X, Section 24 of the Florida Constitution.

54. As a direct and proximate result of Defendants' deliberate underpayment

of wages, Plaintiff has been damaged in the loss of minimum wages for all weeks of work with Defendants.

55. On or about October 14, 2014, Plaintiff served a letter on Defendants pursuant to Fla. Stat. 448.110, demanding payment for her unpaid minimum wages. See EXHIBIT A. To date, Defendants have failed to make payment in accordance with same. Therefore, Plaintiff has satisfied all prerequisites, to the extent there are any, for bringing her claim pursuant to the Florida Constitution.

56. Plaintiff is entitled to an award of damages in an amount equal to the relevant Florida Minimum Wage and an equal amount as liquidated damages.

57. Plaintiff is entitled to an award of reasonable attorneys' fees and costs, pursuant to Article X, Section 24 of the Florida Constitution.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

a. Awarding Plaintiff minimum wages in the amount due to her for Plaintiff's time worked in each work week;

b. Awarding Plaintiff liquidated damages in an amount equal to the minimum wages award;

c. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b) and Article X, Section 24 of the Florida Constitution;

d. Awarding Plaintiff pre-judgment interest;

e. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 19th day of December, 2014.

Respectfully submitted,

Angeli Murthy, Esquire
FL Bar No.: 088758
MORGAN & MORGAN, P.A.
600 N. Pine Island Road
Suite 400
Plantation, FL 33324
Tel: 954-318-0268
Fax: 954-327-3016
E-mail: Amurthy@forthepeople.com

*Trial Counsel for Plaintiff*